```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ALABAMA
              NORTHWESTERN DIVISION
```

DAVID GULLEY,                )
                             )
        Plaintiff,           )
                             )
v.                           )   Civil Action No. CV98-S-0853-NW
                             )
TOWN OF KILLEN,              )
                             )
        Defendant.           )

FILED
98 JUN -5 PM 2:18
N.D. OF ALABAMA

ENTERED
JUN 0 5 1998

## MEMORANDUM OPINION

Plaintiff commenced this action in the Circuit Court for Lauderdale County, Alabama on March 9, 1998. The Town of Killen, Alabama timely removed the action to this court on April 5, 1998, on the basis of original jurisdiction granted by 28 U.S.C. §§ 1331 and 1343.

Plaintiff claims he is the owner of real property located in or near Killen, Alabama. (Complaint ¶¶ 2, 3.) "Whether or not this property is actually [situated] in the [corporate limits of the] Town of Killen is somewhat in dispute." (Plaintiff's affidavit at 1.) When plaintiff purchased the property approximately ten years ago, he began to operate thereon a business named "Killen Tire and Auto." (Id. at 2.) He understood the property was outside the city limits of the Town of Killen on the date of purchase, and signs designating the Killen city limits were posted approximately 1/4 mile from the property. (Id. at 1.) Nevertheless, plaintiff was advised in 1993 by representatives of the Town of Killen that a business license was required for the property, because it was located within Killen's police

jurisdiction. (*Id.* at 1-2.) The sales tax plaintiff was required to pay in 1993 allegedly was less than that of businesses located within the Killen city limits. (*Id.* at 2.)

In 1994, plaintiff ceased to personally operate "Killen Tire and Auto" and, instead, began renting the property to tenants, who continued to operate the business under the same name. Plaintiff retained ownership of the building and equipment on the property, and supplied his tenants with tires. (*Id.*)

During June of 1997, the Town of Killen changed the zoning of the district in which plaintiff's rental property is located in a manner that prohibited operation of a business enterprise such as "Killen Tire and Auto." (*Id.* ¶ 4.) Plaintiff alleges he only learned of the zoning change in January 1998, when the tenants vacated the premises after renewal of their license to conduct business was denied by Town officials. (*Id.* ¶¶ 4, 5.) He contends the Town permitted "similar businesses ... to be 'grandfathered in', I have not." (Plaintiff's affidavit at 2.) Consequently, plaintiff claims he has lost income related to his property.[1] (*Id.* ¶ 6.)

Plaintiff claims that the change of zoning without notice "constitutes a wrongful taking of his property compensable under 42 U.S.C. § 1983." (*Id.* ¶ 7.) He further alleges "he has been

---

[1] Plaintiff's complaint is styled as one for "Declaratory Judgment and Damages." Plaintiff further claims he "instituted this declaratory judgment action to determine what my rights in this situation specifically are." (Plaintiff's affidavit at 2.) Even so, the complaint contains no demand for declaratory relief.

2

denied due process of law by virtue of the lack of actual notice as to the proposed zoning change." (*Id.* ¶ 8.)

The action is before this court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Upon consideration of the pleadings, briefs, evidentiary submissions, and arguments of counsel, this court concludes the motion is due to be granted.

### I. STANDARD FOR 12(b)(6) MOTION TO DISMISS

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, plaintiff need only allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), *Fed. R. Civ. P.* For purposes of a motion to dismiss, the factual allegations in the complaint must be taken as true. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.), *cert. denied*, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991). Dismissal is appropriate only where it is clear the plaintiff can prove no set of facts in support of the claims in his complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, this court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Executive*, 922 F.2d at 1539. *See also Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946).

## II. DUE PROCESS CLAIMS

In responding to the motion to dismiss, plaintiff appears to abandon his due process claims. He only claims that he "seeks compensation for his losses resulting from this situation," (plaintiff's brief at 2), and nowhere mentions his due process claims. Instead, he limits his discussion to his Fifth Amendment takings claim. Perhaps plaintiff limits his argument because, as the following discussion demonstrates, his complaint fails to state a claim upon which relief can be granted for a denial of due process.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The United States Supreme Court has interpreted that clause to provide two discrete forms of constitutional protection: procedural due process and substantive due process. *Zinerman v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990).

> Substantive due process includes both the protections of most of the Bill of Rights, as incorporated through the Fourteenth Amendment, and also the more general protection against "certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."

*DeKalb Stone, Inc. v. County of DeKalb*, 106 F.3d 956, 959 (11th Cir. 1997). Procedural due process, on the other hand, requires "that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life,

4

liberty, or property." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994).

### A. Substantive Due Process

Defendant generously construes plaintiff's complaint to attempt to state a claim for deprivation of substantive due process rights. Any such claim is foreclosed, however, by the Eleventh Circuit's opinion in *DeKalb Stone, Inc. v. County of Dekalb*, 106 F.3d 956 (11th Cir. 1997). In that case, the plaintiff claimed a deprivation of substantive due process, alleging it was "deprived of the right to use its land as a nonconforming use under existing zoning laws." *Id.* at 959. The court found "that land use rights, as property rights generally, are state-created rights." *Id.* The court further stated "that enforcement of existing zoning regulations is an executive, not legislative act." *Id.*

> The question therefore becomes whether a substantive due process cause of action exists where an executive actor deprived Appellant of a state-created property right. Appellant cites no authority to support the existence of such a claim, and we find considerable authority to the contrary. This Court held en banc that a plaintiff did not present a substantive due process claim when he alleged an executive deprivation of a state-created right. *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994) (en banc), cert. denied, 513 U.S. 1110,115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In *McKinney*, an employee alleged that the county arbitrarily and capriciously deprived him of his substantive due process right to employment when it fired him. *Id.* at 1554-55. McKinney admitted that he was provided a procedurally adequate pre-termination hearing, but charged that the hearing was fundamentally biased because of conflicts with other city officials. *Id.* at 1555. In analyzing McKinney's claim, the Court first noted that any property interest in employment was a state-created right. *Id.* at 1556. The Court held that rights created by state law (*e.g.*, tort and employment law) are protected by

5

procedural, not substantive, due process because substantive due process protects only rights created by the Constitution. *Id.* Consequently, McKinney presented no substantive due process claim. ....

We recently reiterated this logic in the context of state education rights. *C.B. ex rel. Breeding v. Driscoll*, 82 F.3d 383 (11th Cir.1996). In accordance with school board policy and procedures, several students were suspended after telephone conferences with parents. *Id.* at 385-87. The Court held that because the decision to suspend a student is an executive act, any deprivation of the state-created right to attend school is protected only by the guarantee of procedural due process. *Id.* Moreover, we have briefly addressed the unavailability of this cause of action in the context of state-created property rights. Where a property owner alleged that town executives arbitrarily and capriciously refused to issue a certificate of occupancy — another variety of state-created land use right — we held that no substantive due process claim had been stated. *Boatman v. Town of Oakland*, 76 F.3d 341, 346 (11th Cir.1996); *see also Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 956-58 (7th Cir.1988). As in *McKinney*, *Breeding*, and *Boatman*, Appellant has alleged an executive violation of a state-created property right, not a deprivation of any constitutional right.

### IV.  CONCLUSION

Federal courts must not usurp the roles of agencies, review boards, and state courts in reviewing the wisdom of executive actions. We conclude that the district court did not abuse its discretion in denying the preliminary injunction and discern no legal or factual error. <u>Precedent and logic demonstrate that the cause of action pled by Appellant does not exist</u>; therefore, Appellant cannot show a substantial likelihood of success on the merits. The district court properly denied the motion for preliminary injunction.

*Id.* at 959-60 (emphasis supplied). This court finds that "the cause of action pled by [plaintiff] does not exist," and the complaint is due to be dismissed to the extent it attempts to assert a claim for deprivation of substantive due process rights.

6

### B. Procedural Due Process

Defendant contends plaintiff's complaint does not state a claim for deprivation of procedural due process, because

> a procedural due process violation is not complete "unless and until the state fails to provide due process." Zinerman, 493 U.S. at 123, 110 S.Ct. at 983. In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). On its face, plaintiff's complaint fails to allege that defendant refused to make available a procedural means to remedy the alleged deprivation, and is due to be dismissed for that reason alone. See Coletta v. City of North Bay Village, 962 F.Supp. 1486, 1489 (S.D. Fla. 1997).

Moreover, defendant notes that Alabama Code § 11-52-80 allows any incorporated town to appoint a "board of adjustment" to review zoning decisions. That board possesses the power:

> (1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
>
> (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
>
> (3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.

7

Ala. Code § 11-52-80(d). The decisions of the board of adjustment are appealable to the appropriate Circuit Courts of Alabama. Alabama Code § 11-52-81.

At oral argument, plaintiff's counsel admitted that no petition for review had been made to the Town of Killen board of zoning adjustment. This court thus finds plaintiff has failed to plead or prove the absence of a procedural means to remedy the alleged deprivation, and the motion to dismiss is due to be granted.

### III.  TAKINGS CLAIM

The Just Compensation Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "The just compensation clause of the fifth amendment ... has been incorporated into the fourteenth amendment to restrict state conduct by the same standard regulating the federal government." *Fountain v. Metropolitan Atlanta Rapid Transit Authority*, 678 F.2d 1038, 1040 n.4 (11th Cir.1982)(citing *Chicago B. & Q. R.R. v. City of Chicago*, 166 U.S. 226, 239, 17 S.Ct. 581, 585, 41 L.Ed. 979 (1897)).

> In order to establish a violation of the just compensation clause, a landowner must demonstrate that his property was "taken," i.e., that the regulation "goes too far," and that there is no provision to award him just compensation. .... The remedy for a violation of the Just Compensation Clause is money damages calculated by the value of the property rights taken and the duration of the taking. <u>In order for such a claim to be ripe for adjudication, the landowner must overcome two hurdles:  the final decision hurdle and the just compensation hurdle</u>. The landowner must obtain a final decision regarding the application of the zoning

8

> ordinance or regulation to his or her property and
> utilize state procedures which provide for obtaining just
> compensation. .... The final decision requirement
> includes a requirement that the property owner seek
> variances from the applicable regulations. .... The
> reason for the final decision requirement is that one of
> the factors significant to the adjudication of a just
> compensation claim is "the economic impact of the
> challenged action and the extent to which it interferes
> with reasonable investment-backed expectations." ....
> This impact and interference cannot be ascertained until
> the local authority has determined the nature and extent
> of the development that will be permitted. .... In
> addition to the final decision requirement, a Fifth
> Amendment just compensation claim is not ripe until the
> landowner has pursued the available state procedures to
> obtain just compensation. ....

*Eide v. Sarasota County*, 908 F.2d 716, 720-21 (11th Cir. 1990)(emphasis supplied).

Defendant claims this action is not ripe for adjudication, because plaintiff's complaint demonstrates he cannot surmount the "final decision hurdle," or the "just compensation hurdle."

"Plaintiff submits that the town's denial of the renewal of the business license satisfies the finality component." (Plaintiff's brief at 2.) Even so, plaintiff provides no valid authority in support of that submission, and he declines to submit any authority relevant to the "just compensation" hurdle. Instead, he solely relies upon *Suitum v. Tahoe Regional Planning Agency*, ___ U.S. ___, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997) to argue that both hurdles are met in this action.[2] In *Suitum*, however, the Supreme Court found only that the plaintiff met the "final decision" hurdle. 117 S.Ct. at 1665 ("Because only the 'final decision' prong

---

[2] At oral argument, plaintiff's council acknowledged that plaintiff relies "completely" upon *Suitum*.

9

... was addressed below and briefed before this Court, we confine our discussion here to that issue"). It was "undisputed" that the governmental agency in question had determined that no development would be permitted on the plaintiff's land, and there were no procedures for variances that would gave the agency discretion to overturn the determination. 117 S.Ct. at 1667.

In this action, plaintiff fails to plead that the Town of Killen lacks discretion to permit operation of "Killen Tire and Auto" on the subject premises. In fact, the Town of Killen board of zoning adjustment possesses the requisite level of discretion. See Alabama Code § 11-52-80; see also discussion at part II. B. supra. Moreover, plaintiff's affidavit suggests that such discretion previously has been exercised: "I understand that there are similar businesses which have been allowed to be 'grandfathered in', I have not." (Plaintiff's affidavit at 2.)

Even if this court found that plaintiff had met the "final decision" hurdle, the motion to dismiss still would be granted, because plaintiff fails to contest the "just compensation" hurdle. To clear that obstacle, "a plaintiff must seek compensation through state inverse condemnation proceedings before initiating a taking suit in federal court, unless the States does not provide adequate remedies for obtaining compensation." Suitum, 117 S.Ct. at 1665 n.8.

Alabama law provides for inverse condemnation proceedings. McClendon v. City of Boaz, 395 So.2d 21 (Ala. 1981). Yet,

plaintiff's counsel acknowledged during oral argument that no inverse condemnation claim had been pursued prior to filing this action. Failure to utilize those proceedings renders plaintiff's claims "premature." *Carroll v. City of Prattville*, 653 F.Supp. 933, 942 (M.D. Ala. 1987)(Dubina, J.); *see also Church of Jesus Christ of Latter-Day Saints v. Jefferson County*, 721 F.Supp. 1212 (N.D. Ala. 1989). Accordingly, this court finds that plaintiff's complaint fails to state a claim upon which relief may be granted for a taking of property without just compensation.

## IV. CONCLUSION

For the foregoing reasons, this court concludes plaintiff's complaint fails to state a claim upon which relief may be granted. The court finds plaintiff's procedural due process claim and Fifth Amendment takings claim are due to be dismissed without prejudice to refile upon exhaustion of appropriate procedural mechanisms. The substantive due process claim is due to be dismissed with prejudice.

**DONE** this the 5th day of June, 1998.

_____
United States District Judge

11